# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LASHAUN PATTERSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| vs. ) | |
| ) | **JURY DEMAND** |
| WYATT RESTAURANT GROUP, LLC, ) | |
| d/b/a CHURCH'S CHICKEN, ) | |
| | |
| Defendant. | |

## COMPLAINT

## I. JURISDICTION

1. This is a suit for unpaid overtime and minimum wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. Jurisdiction of this Court exists pursuant to 29 U.S.C. §§216(b) and 217 and 28 U.S.C. §1331 and 1343(4).

## II. PARTIES

2. Plaintiff LaShaun Patterson ("Plaintiff") is a citizen of the United States over the age of nineteen and a resident of Dale County, Alabama.

3. Defendant Wyatt Restaurant Group, LLC ("Defendant") is an Alabama limited liability company based in Montgomery, Alabama.

4. Defendant is and was at all times relevant to this complaint a covered entity with regard to the overtime and minimum wage provisions of the FLSA engaged in commerce as contemplated by 29 U.S.C. §§ 203(r) and 203(s).

### III.  STATEMENT OF FACTS

5. In 2009, Plaintiff began working at the Church's Chicken restaurant in Ozark, Alabama.

6. In or about September of 2019, Defendant purchased the franchise for the Ozark store.

7. Defendant purchased the franchise for several other Church's Chicken restaurants at that same time.

8. Plaintiff became employed by Defendant when it purchased the franchise for the Ozark store.

9. Plaintiff was the general manager of the Ozark store when Defendant bought it and continued in that position until on or about June 27, 2022, when she resigned.

10. Plaintiff's supervisor during the time that Defendant owned the Ozark store was Mary Carter.

11. Like Plaintiff, Carter had been employed by the previous owner of the store.

12. Carter had been the district manager over the Ozark store and other stores Defendant bought in September of 2019 and continued in that position when Defendant purchased the stores.

13. At all times during their employment relationship, Defendant classified Plaintiff as an exempt employee regarding the minimum wage and overtime provisions of the FLSA.

14. At all times during their employment relationship, Defendant paid Plaintiff on a salaried basis without regard to the number of hours she worked.

15. At all times during their employment relationship, Defendant paid Plaintiff a salary of $1,370 every two weeks, until the pay period beginning June 13, 2022, when Plaintiff's salary was increased to $1,500 every two weeks.

16. Defendant gave Plaintiff the raise referenced above in response to social media posts about Plaintiff running the Ozark store totally by herself, as is discussed below.

17. At all times during Plaintiff's employment with Defendant, her salary was meant to represent compensation for eighty hours worked in the bi-weekly period, *i.e.*, forty hours per week.

18. At the time Defendant purchased the Ozark store, Plaintiff was working approximately 60 hours a week and usually had three employees working with her on a shift.

19. In or about March of 2020, Defendant closed the dining room in the Ozark store due to the Covid pandemic.

20. From that point through the date of Plaintiff's resignation, the store did business only through the drive-thru window.

21. After the dining room closed March of 2020, the number of employees working in the store decreased such that Plaintiff only had two people working a shift with her.

22. One person would run the drive-thru register, one person would cook, and one person would pack orders.

23. Plaintiff usually cooked but would also pack orders.

24. In early 2022, the workforce decreased such that Plaintiff usually only had one person working a shift with her.

25. Plaintiff would cook and pack orders and the other person would run the register.

26. Beginning in about March of 2022, the workforce decreased such that Plaintiff worked 3-4 days a week totally by herself.

27. From the time the dining room closed in March of 2020 through the end of her employ, Plaintiff's work hours increased such that she was working 70-100 hours a week.

28. From the time the dining room closed in March of 2020 through the end of her employ, Plaintiff would go months without a day off.

29. From the time the dining room closed in March of 2020 through the end of her employ, Plaintiff spent only about two hours a week doing "managerial" work, such as completing reports, ordering food, and making schedules.

30. The other 97-plus percent of the time Plaintiff was cooking, packing orders, and running the register just like the other employees in the store.

31. Carter was aware of the number of hours Plaintiff was working and the actual duties she was performing from the time the dining room closed in March of 2020 through the end of her employ.

32. At all times during their employment relationship, Defendant never paid Plaintiff time and one-half for hours she worked over forty in any week.

33. In fact, Defendant never paid Plaintiff anything for these hours.

34. Further, in weeks where Plaintiff worked 95 or more hours, Defendant failed to pay Plaintiff minimum wage.

## IV. CAUSES OF ACTION

## COUNT I

## UNPAID OVERTIME - FLSA

35. Paragraphs 1-34 are incorporated by reference.

36. During the relevant time period in the three years preceding the filing of this Complaint, Defendant was an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l).

37. During the relevant time period in the three years preceding the filing of this Complaint, Defendant had two or more employees, including Plaintiff, engaged in interstate commerce and further had employees who handled and/or worked on goods that had been moved in and/or produced in commerce.

38. During the relevant time period in the three years preceding the filing of this Complaint, Defendant's gross annual volume of revenue exceeded $500,000 per year.

39. During the relevant time period in the three years preceding the filing of this Complaint, Defendant was Plaintiff's employer as defined in 29 U.S.C. §203(d).

40. During the relevant time period in the three years preceding the filing of this Complaint, Plaintiff was Defendant's employee as defined in 29 U.S.C. §203(e)(1).

41. Plaintiff was engaged in interstate commerce while working for Defendant. Plaintiff's interstate commercial activity included, but was not limited to, interacting with customers from out of state, using the instrumentalities of interstate commerce that included processing debit and credit card transactions, and selling products that originated from outside the state.

42. From the time the dining room in the Ozark store closed in March of 2020 through the end of Plaintiff's employ, her work for Defendant was non-exempt under the FLSA with respect to its overtime provisions.

43. From the time the dining room in the Ozark store closed in March of 2020 through the end of Plaintiff's employ, Defendant knew that her work for it was non-exempt under the FLSA with respect to its overtime provisions.

44. From the time the dining room in the Ozark store closed in March of 2020 through the end of Plaintiff's employ, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

45. From the time the dining room in the Ozark store closed in March of 2020 through the end of Plaintiff's employ, Defendant was required by the FLSA to pay her time and one-half for all hours worked over forty in each workweek in which she worked more than forty hours.

46.  From the time the dining room in the Ozark store closed in March of 2020 through the end of Plaintiff's employ, Plaintiff regularly worked more than forty hours per week.

47  From the time the dining room in the Ozark store closed in March of 2020 through the end of Plaintiff's employ, Defendant knew that Plaintiff regularly worked more than forty hours per week.

48.  From the time the dining room in the Ozark store closed in March of 2020 through the end of Plaintiff's employ, Defendant unlawfully failed to pay Plaintiff overtime for hours worked over forty in a week.

49. As a result of the foregoing, Plaintiff has suffered lost wages.

50.  Defendant knew that its failure to pay Plaintiff overtime as set forth above was prohibited by law or showed reckless disregard for whether it was.

51.  Defendant therefore willfully violated the FLSA in failing to pay Plaintiff overtime for all applicable hours worked.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That, pursuant to 28 U.S.C. §2201, the Court issue an Order declaring that Defendant's actions herein violated the FLSA;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole

by paying her unpaid wages and liquidated damages;

(iii) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences resulting from a judgment in her favor; and

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT II

## UNPAID MINIMUM WAGE - FLSA

52. Paragraphs 1-34 and 36-41 are incorporated by reference.

53. From the time the dining room in the Ozark store closed in March of 2020 through the end of Plaintiff's employ, her work for Defendant was non-exempt under the FLSA with respect to its minimum wage provisions.

54. From the time the dining room in the Ozark store closed in March of 2020 through the end of Plaintiff's employ, Defendant knew that her work for it was non-exempt under the FLSA with respect to its minimum wage provisions.

55. From the time the dining room in the Ozark store closed in March of 2020 through the end of Plaintiff's employ, Defendant misclassified Plaintiff as exempt from the minimum wage requirements of the FLSA.

56. From the time the dining room in the Ozark store closed in March of 2020 through the end of Plaintiff's employ, Defendant was required by the FLSA to pay her minimum wage.

57. From the time the dining room in the Ozark store closed in March of 2020 through the end of Plaintiff's employ, there were numerous weeks in which Defendant unlawfully failed to pay Plaintiff minimum wage.

58. As a result of the foregoing, Plaintiff has suffered lost wages.

59. Defendant knew that its failure to pay Plaintiff minimum wage as set forth above was prohibited by law or showed reckless disregard for whether it was.

60. Defendant therefore willfully violated the FLSA in failing to pay Plaintiff minimum wage for all applicable hours worked.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That, pursuant to 28 U.S.C. §2201, the Court issue an Order declaring that Defendant's actions herein violated the FLSA;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by paying her unpaid wages and liquidated damages;

(iii) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences resulting from a judgment in her favor; and

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

s/ Adam M. Porter
Attorney for Plaintiff

Defendant's Address:
Wyatt Restaurant Group, LLC
Stephanie Wyatt, Manager
358 North Capitol Parkway
Montgomery, AL 36107