IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LASHAUN PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-631-CWB |
| | ) | |
| WYATT RESTAURANT GROUP, | ) | |
| LLC, d/b/a Church's Chicken, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought by Lashaun Patterson ("Patterson") to seek redress under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). (Doc. 1). Patterson alleges that she was employed by Wyatt Restaurant Group, LLC, d/b/a Church's Chicken ("Wyatt Group") from September 2019 until June 2022 and that she was not paid in accordance with the mandatory overtime and/or minimum wage provisions of the FLSA. (*Id*. at pp. 2, 8, 10). Wyatt Group has denied liability and asserts that Patterson at all relevant times was classified properly as an exempt employee for purposes of the FLSA. (Doc. 13 at p. 5). The parties now jointly request that the court approve a negotiated settlement. (Doc. 29).

Under the proposed settlement, Patterson would receive a total of $13,000.00—allocated as $6,500.00 for back wages and $6,500.00 for liquidated damages—and her counsel would receive $7,000.00 for attorney's fees and costs. (Doc. 29-1 at pp. 2-3). It is the duty of the court to scrutinize the proposed settlement for fairness. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.") (citations omitted).

1

In reviewing the proposed settlement of an FLSA claim, the court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. *See also Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260 (M.D. Ala. 2003). Here, there clearly are bona fide disputes over FLSA provisions, namely FLSA coverage and the amount of backpay, if any, owed: Patterson contends that she is owed $20,756.40 for uncompensated overtime hours; Wyatt Group contends that Patterson is not entitled to overtime pay due to her status under the FLSA's executive exemption and/or administrative exemption and that, even if she were entitled to some backpay, Patterson would be owed less than the amount being claimed. (Doc. 29 at p. 5).

The court has reviewed the pending motion, the terms of the proposed settlement, and the record as a whole. The court also held a dedicated telephone conference on February 12, 2024 to evaluate the circumstances surrounding the proposed settlement. Upon due consideration of the information provided by counsel regarding the investigation and negotiation process (including the maximum potential recovery to Patterson and the calculation of attorney's fees), as well as the understanding expressed personally by Patterson as to the compromise of her claim, the court concludes that the proposed settlement is a fair and reasonable resolution of the parties' bona fide dispute under the circumstances presented.

Accordingly, it is **ORDERED** that the Joint Motion to Approve Settlement Agreement (Doc. 29) is due to be granted. A final judgment will be separately entered.

**DONE** this the 12th day of February 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**